NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONALD J. DAVIS,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2010-7130

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 08-3257, Judge William A. Moorman.

---

Decided: January 14, 2011

---

DONALD J. DAVIS, of New Windsor, Maryland, pro se.

ALEX P. HONTOS, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and MARTIN

F. HOCKEY, JR., Assistant Director. Of counsel on the brief was MICHAEL J. TIMINSKI, Deputy Assistant General Counsel,United States Department of Veterans Affairs, of Washington, DC

———————————

Before LOURIE, BRYSON, and PROST, *Circuit Judges.*

PER CURIAM.

Donald J. Davis appeals from a final decision of the Court of Appeals for Veterans Claims ("the Veterans Court") dismissing his appeal for lack of jurisdiction. We dismiss the appeal for lack of appellate jurisdiction.

On September 16, 2008, the Board of Veterans' Appeals issued a decision severing service connection for Mr. Davis's left ear hearing loss. The Board also remanded Mr. Davis's other claims to the Department of Veterans Affairs ("DVA") regional office. Those claims asserted service connection for a knee injury, lower back pain, gastroesophageal reflux disease, and sleep apnea. Mr. Davis then appealed the Board's decision to the Veterans Court. The Veterans Court interpreted Mr. Davis's appeal not as a challenge to the severance of service connection for left ear hearing loss, but as a request for service connection and compensation for his knee injury and other ailments, the claims that the Board had remanded to the regional office.

The Veterans Court dismissed Mr. Davis's appeal for want of jurisdiction. Because Mr. Davis did not challenge the Board's decision to sever service connection for left ear hearing loss, the court treated any appeal as to that issue as abandoned and declined to review the merits of the Board's decision as to that claim. In addition, because there was no final Board decision regarding Mr. Davis's

claims to a knee injury and other conditions, all of which were remanded to the regional office, the court concluded that there was no argument for the court to address concerning the merits of the Board decision on appeal. The court explained that if in the future Mr. Davis received an adverse final Board decision with respect to those claims, he would be free at that time to appeal to the court. As to Mr. Davis's assertion that he suffers from service-connected bilateral hearing loss, which he raised before the Veterans Court for the first time in his reply brief, the court stated that he should raise that claim before the DVA in the first instance. Mr. Davis then appealed to this court.

Mr. Davis's appeal to this court does not raise any issues within this court's jurisdiction. Unless an appeal presents a constitutional issue, we "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). In his informal brief, Mr. Davis asserts that his medical records were lost and that he injured his knee while deployed in Honduras in 1996. Those are factual issues that have not yet been adjudicated by the regional office, reviewed by the Board, and appealed to the Veterans Court.

The claims for service connection that Mr. Davis sets forth in his informal brief have been remanded to the regional office. If he is unsatisfied with the decision ultimately made by the regional office on those issues, he may appeal that decision to the Board and ultimately to the Veterans Court. But until the agency acts on his claims, neither the Veterans Court nor this court has jurisdiction to address those claims. Because Mr. Davis has not raised any legal issue regarding his claims that is

within the jurisdiction of this court to decide, we dismiss the appeal.

No costs.

**DISMISSED**